Kuryer Publishing Company, Appellant, vs. Messmer
and others, Respondents.

*February 23—March 14, 1916.*

*Appealable order: Denial of adverse examination: Religious socie-*
*ties: Church discipline: Forbidding reading of newspaper.*

1. An order of the circuit court practically denying all examination.
   of an adverse party under sec. 4096, Stats., is appealable.
2. The issuance, publication, and circulation by bishops of the·
   Roman Catholic church of a pastoral letter warning the mem-
   bers of that church against a certain newspaper and forbidding
   the keeping or reading of it by those who would continue good
   church members, but not requiring the breach of any contract
   nor the withholding of any advertising patronage, was within
   the scope of church discipline and violated no legal right of the
   publisher of said newspaper. Any resulting pecuniary loss to·
   such publisher is therefore *damnum absque injuria.*

Appeal from an order of the circuit court for Milwaukee·
county: Lawrence W. Halsey, Circuit Judge. *Affirmed.*

The appeal is from an order denying an adverse examina-
tion of the defendant *Messmer* under sec. 4096, Stats. The·
action was brought to recover damages on account of the pub-
lication of a certain pastoral letter issued, circulated, and
published by the defendants as bishops of the Roman Catho-
lic church in the dioceses of Milwaukee, Green Bay, Mar-
quette, Superior, and La Crosse. The complaint sets out at
great length the publication and circulation of this letter by
the defendants and alleges that the defendants entered into ·a
conspiracy for the purpose of injuring the plaintiff in its
business as publisher of a newspaper, and that the said pas-
toral letter was maliciously published and circulated for·
such purpose. A perpetual injunction was also prayed for
restraining any other acts in furtherance of the alleged con-
spiracy, and commanding the defendant bishops to withdraw
and rescind the pastoral letter.

The complaint alleges that the defendants caused said let-
ter to be sent to the clergy of the Catholic church broadcast

and ordered the same read from the pulpit wherever Polish Catholics worshiped and that it be strictly enforced.    It also appears from the complaint that the plaintiff is the publisher of a certain daily paper known as the Kuryer Polski, published in the Polish language, which has a large circulation among Polish Catholics.    The following is the portion of the pastoral letter specially complained of:

"Obedient to this apostolic command we hereby solemnly condemn the said Kuryer Polski, published in the city of Milwaukee, and the Dziennik Narodowy, published in Chicago, as publications greatly injurious to Catholic faith and discipline and falling under the rules and prohibitions of the Roman Index.    Therefore, should any Catholic still dare in face of this solemn warning to read or keep or subscribe to or write for the said Kuryer Polski and Dziennik Narodowy, as long as these papers continue their present course and attitude in ecclesiastical affairs, a matter to be decided by ourselves, let them know that they commit a grievous sin before God and the Church.    Should any such Catholic dare to go to confession and communion without confessing or telling to the priest that they still read or keep or subscribe to the papers mentioned, let them understand that by such confession and communion they commit a horrible sacrilege.    This solemn warning will also hold good in case that the aforementioned papers should in future be conducted under changed names though still in the same anti-Catholic spirit."

The said letter is set forth at length as part of the complaint.

The order appealed from in effect enjoins and restrains the plaintiff from examining the defendant on any matter pertaining to or bearing upon the so-called pastoral letter set out in the complaint, or upon the reasons for promulgating the same or the intention and purpose of the defendants as to any instructions given by them to priests with reference to the manner in which the said letter was to be enforced, or as to the effect upon any Catholic who should read, write for, or keep said Kuryer Polski in his home or place of business.

Kuryer Publishing Co. v. Messmer, 162 Wis. 565.

The court below held that in reference to the pastoral letter the subject matter was of purely ecclesiastical cognizance, and that the reasons, motives, and purposes of the defendants in issuing the same, and the question as to whether the Kuryer Polski had offended against the discipline or doctrine of the Catholic church, was an ecclesiastical question, and that the civil courts had no rights or jurisdiction to examine in regard to the matter.

For the appellant there were briefs by *Cochems & Wolfe,* and oral argument by *H. O. Wolfe* and *H. F. Cochems.*

In support of a motion to dismiss the appeal there was a brief by *O'Connor & Graebner,* attorneys for respondent *Messmer, Paul D. Carpenter,* attorney for respondent *Schinner, John F. Doherty,* attorney for respondent *Schwebach,* and *Martin, Martin & Martin,* of counsel.

For the respondents, upon the merits of the case, there was a brief signed by *J. L. O'Connor,* attorney for respondent *Messmer, Paul D. Carpenter,* attorney for respondent *Schinner, John F. Doherty,* attorney for respondent *Schwebach,* and *P. H. Martin,* of counsel; and the cause was argued orally by *Mr. Martin, Mr. Carpenter,* and *Mr. O'Connor.*

PER CURIAM.    Point is made that the order before us is not appealable, hence this appeal should be dismissed.

(1) The order appealed from practically denied all examination, hence under repeated decisions of this court is appealable.

(2) Notwithstanding much prolixity in the complaint the real gravamen of the action is an attempt to hold the defendants liable for the pastoral letter. This letter does not require the breach of any contract nor the withholding of any advertising patronage, but warns against the newspaper in question and forbids those who would continue good church members to keep it or read it. The only result of their refusal is to lose their standing as members of the church. This

was within the scope of church discipline, and if incidental pecuniary loss accrues to the plaintiff it is *damnum absque injuria.* By maintaining their church discipline and declaring the paper improper to be read by church members they have violated no legal right of the plaintiff. It might be otherwise if they attempted to forbid social or business intercourse with the plaintiff in respect to trade or commerce or something which ordinarily could not affect the faith of the members. Recommending to the members what they should read under pain of expulsion from the church communion is within the jurisdiction of every pastor and prelate of every church which professes to leave such matters to the determination of its clergymen.

The order appealed from is affirmed.

VINJE, J., dissents.