MILWAUKEE CORRUGATING COMPANY, Respondent, vs.
FLAGGE and others, Appellants.

*December 5, 1919—January 13, 1920.*

*Appeal: Order refusing to suppress an adverse examination:
Special proceeding: Continuing a provisional remedy.*

1. An order refusing to suppress or prohibit an adverse examination under sec. 4096, Stats., is not appealable as a final order affecting a substantial right made in a special proceeding, under sub. (2), sec. 3069, since an adverse examination is not a "special proceeding." *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, and *Karel v. Conlan,* 155 Wis. 221, overruled.

2. Nor is such an order appealable as one continuing a provisional remedy under sub. (3), sec. 3069, since such an order does not "continue" the remedy by mere refusal to interfere with it.

ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Dismissed.*

The appeal is from an order denying a motion to suppress an adverse examination of defendant *Flagge* under sec. 4096, Stats. The plaintiff brought action against *Flagge,* the *Northern Corrugating Company,* and three other de-

fendants by the service of a summons alone. It then filed an affidavit for the purpose of obtaining an adverse examination of the defendant *Flagge* in order to enable it to plead, and, in the affidavit, alleged that the general nature and object of the action "is one brought by the plaintiff against the defendants to recover damages for an alleged conspiracy of the defendants to injure the plaintiff by wrongful acts, and damages for the alleged breach of a contract between the plaintiff and the defendant *Flagge,* and for such other and further relief as may be just and agreeable to equity." The motion to suppress was upon the ground that the plaintiff's affidavit was insufficient in that it did not state the facts showing the general nature and object of the action. Upon the hearing of the motion to suppress, additional affidavits were filed on each side, and it appeared that the defendant *Flagge* was employed by the plaintiff as its superintendent under a written contract dated November 16, 1917, and quit such employ and went into the service of the defendant the *Northern Corrugating Company* about October 1, 1918, and that the two concerns were rivals in business. The plaintiff claimed on the hearing of the motion to suppress that the said contract bound the defendant *Flagge* to work for the plaintiff and devote his time and inventive ability to its service for three years, but the defendants claimed that the contract was terminable at will. The court denied the motion to suppress, and the defendants appeal.

For the appellants there were briefs by *Minahan & Minahan* of Green Bay, and oral argument by *Eben R. Minahan.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *R. T. Jackson.*

WINSLOW, C. J. A motion to dismiss is made on the ground that the order in question is not appealable, and this must be first examined.

If appealable, it must be because it is either "a final order

affecting a substantial right made in special proceedings," or an order granting or continuing a provisional remedy. Sub. (2), (3), sec. 3069, Stats.

Examination of the question convinces us that our decisions are in serious confusion upon it. Twice at least it has been said that an adverse examination under sec. 4096 is both a provisional remedy and a special proceeding. *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, 110 N. W. 207; *Karel v. Conlan,* 155 Wis. 221, 144 N. W. 266. We are now satisfied that this holding is illogical and erroneous and should be disavowed. The Code (sec. 2594, Stats.) divides all remedies into (1) actions and (2) special proceedings. An action is distinguished from a special proceeding and *vice versa.* The term "special proceedings" includes only remedies not furnished by actions. Adverse examination under sec. 4096 is a mere proceeding within an action, an incidental part of an action. It cannot be a special proceeding because the two terms, "action" and "special proceeding," are used in the Code in contradistinction to each other. *In re Central Irr. Dist.* 117 Cal. 382, 49 Pac. 354; *State ex rel. Heinze v. District Court,* 28 Mont. 227, 72 Pac. 613.

Being a provisional remedy and not a special proceeding, the next question arising is whether an order refusing to suppress or prohibit the examination "continues" a provisional remedy. Here, also, there is evident confusion in our decisions. In *State ex rel. Carpenter v. Mathys,* 115 Wis. 31, 91 N. W. 114, it is held without discussion that an order denying a motion to limit the subjects of examination under sec. 4096 is not appealable because it neither "grants, refuses, continues, or modifies" a provisional remedy; on the other hand, it was held in *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456, that an order requiring a witness to submit to examination under sec. 4096, and an order refusing to restrain a party from taking depositions of witnesses under that section, were both appealable because they "continue" a provisional remedy. This decision was fol-

lowed *sub silentio* in *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900, and *Hathaway v. Bruggink,* 168 Wis. 390, 170 N. W. 244, in both of which cases appeals from orders refusing to suppress or restrain the taking of depositions under sec. 4096 were entertained and decided upon the merits, no question being raised as to appealability of the orders.   So, also, in *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637, an appeal from an order requiring a defendant to submit to an examination was entertained and decided on the merits without discussion of the question of appealability.   Appeals from similar orders were entertained and decided upon the merits in *American F. P. Co. v. American M. Co.* 151 Wis. 385, 138 N. W. 1123, and *Sullivan v. Ashland L., P. & St. R. Co.* 152 Wis. 574, 140 N. W. 316, nothing being said on the subject of appealability.   The only theory upon which such orders as the present can be held appealable is the theory that they *continue* a provisional remedy, as stated in the *Phipps Case.*   That theory is now for the first time sharply challenged and we have given the subject careful study, the result of which is that we are quite convinced that no such theory can be logically sustained.   The right of examination under sec. 4096 is a right given by statute as a matter of course upon the filing of the required affidavit and is not dependent upon any action of the court.   In refusing to interfere with the right the court does not affect the statutory right in any way; it simply lets it alone.   It is an entire misnomer to speak of such action as continuing anything, thus transforming a refusal to act into an affirmative action.

The early case of *Howell v. Kingsbury,* 15 Wis. 272, is cited in the *Phipps Case* as authority for the doctrine of appealability.   That case was an appeal from an order refusing to dismiss a writ of attachment, and it was held that such an order "continued" the attachment within the meaning of the appeal statute.   It is to be noted that the two remedies are different, in that examination under sec. 4096

is a right given by statute without court action, while attachment is a remedy given by a writ issued out of court. Whether or not this difference be sufficient to distinguish the two cases, we feel obliged to hold that the statutory remedy of adverse examination is not continued by a mere refusal to interfere with it.

It is suggested that if it be held that no appeal lies from such an order there will be opportunity for serious abuses, in that inquiry may be made into the affairs of a business rival for illegitimate purposes, thus seriously invading privacy and property rights. The answer is that every delegation of power to an official carries with it possibility of abuse; nevertheless power must be vested somewhere if government is to be carried on. The judges of the trial courts are chosen for the very purpose of exercising the power necessary to be exercised in the administration of the law in the courts. Presumably that power will be wisely and justly exercised. If appeals were allowed from every important ruling there would never be an end of litigation. We are satisfied that our present ruling is not merely logical, but will tend to the simplification of procedure and the speedy attainment of justice in the courts.

*By the Court.*—Appeal dismissed.

Eschweiler, J. (*dissenting*). The order appealed from in this case was one permitting respondent to continue a provisional remedy theretofore commenced by it.

This appeal statute was under consideration in *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456, in 1907, and precisely the same question as here involved was held properly appealed. Page 155. That decision was based upon *Howell v. Kingsbury,* 15 Wis. 272, decided in 1862, the statute then reading exactly as now. Many cases deciding important questions as to the rights of a person required to submit to such an examination have been disposed of by this court on just such an appeal as herein without question.

The regulation of such appeals has heretofore been held a legislative function rather than a judicial one. *Western Union R. Co. v. Dickson,* 30 Wis. 389, 392.

The right of an individual to be protected from any proposed examination which is without warrant of law is every whit as substantial a right as is that of an opposing party to have such an examination when thereunto lawfully entitled. Heretofore this court has entertained appeals by either side on such questions. From now on appeals by the latter will be heard, by the former will be dismissed.

In view of the continued acquiescence by the legislature in this statute without change; this court's former rulings thereon; the absence of any suggested evil or need of change, I see no good reason for now overturning the former long and well established rule.