STATE EX REL. FINNEGAN, Attorney General, and others, Appellants, vs. LINCOLN DAIRY COMPANY, Respondent.

*January 9—February 4, 1936.*

For the appellants there were briefs by the *Attorney General, R. M. Orchard,* assistant attorney general, *Fred M. Wylie,* special counsel, and *William A. Zabel,* district attorney of Milwaukee county, and oral argument by *Mr. Wylie, Mr. Orchard,* and *Mr. George H. Gabel* of Milwaukee.

For the respondent there were briefs by *Charles C. Hiken, Max H. Karl,* and *Hersh & Morse,* all of Milwaukee, and oral argument by *Mr. Herbert Morse, Mr. Karl,* and *Mr. Emil Hersh.*

ROSENBERRY, C. J.    When this case was called in this court, counsel for the defendant moved that the appeal be dismissed for the reason that the order appealed from was not an appealable order.   The contention of the plaintiffs is that, the action being one to revoke a corporate charter and to enforce a milk dealer license and milk control law, an order limiting the examination of the defendant to the period since the enactment of ch. 58, Laws of 1935, is erroneous.   The fact that the order is erroneous does not make it appealable. While it is true that the action is one in part to revoke a corporate charter, the action of the court is wholly dependent upon whether the court finds there has been a violation of

the provisions of ch. 58, Laws of 1935. Sec. 274.33, Stats., provides:

"The following orders when made by the court may be carried by appeal to the supreme court:

"(1) . . . (2) . . . (3) When an order grants, refuses, continues or modifies a provisional remedy," etc.

It is considered that this case is ruled by *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777. A decision on a motion to limit the scope of an adverse party examination is nothing more nor less than an authoritative determination as to what evidence may be elicited upon the examination. The procedure is provided, no doubt, so that the parties to the action will have the benefit of the determination of the court rather than by the commissioner before whom the proceedings are pending.

The order in question does not suppress anything. It merely prescribes the field in which the provisional remedy may operate. In reality the words "continue" and "modify" as used in the statute are not applicable to such a provisional remedy as an adverse examination of the opposite party. Those terms apply aptly to such a provisional remedy as attachment. While the whole proceeding for the examination of an adverse party is properly held to be a provisional remedy, determining the procedural steps which may properly be taken when the remedy is invoked in a particular case is not the remedy itself. On the authority of *Milwaukee Corrugating Co. v. Flagge, supra,* the order is not appealable.

*By the Court.*—The appeal is dismissed without costs.

FRITZ, J., dissents.