HYSLOP, Respondent, vs. HYSLOP, Appellant.

*March 15—April 9, 1940.*

For the appellant there were briefs by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross.*

For the respondent there were briefs by *Bull, Biart & Bieberstein* of Madison, and oral argument by *A. J. Bieberstein.*

WICKHEM, J. We do not reach the merits of this controversy, nor is it necessary or expedient to state them for the reason that the orders involved are not appealable. In her brief defendant concedes that the order denying defendant's motion to dismiss is not a final order and not appeal-

able. This being obvious, we shall not discuss the point further.

Plaintiff also contends that the order denying defendant's motion to compel plaintiff to answer certain questions upon an adverse examination is not an appealable order, and we are satisfied that the contention is correct. So far as applicable here, sec. 274.33, Stats., provides:

"The following orders when made by the court may be appealed to the supreme court: . . .

"(2) A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"(3) When an order grants, refuses, continues or modifies a provisional remedy. . . ."

Cases involving the appealability of orders relating to the taking of adverse examinations were in some confusion up to the decision of this court in *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777. The state of the authorities up to that time is fully discussed in the opinion filed by the court in that case, and this exposition need not be repeated in detail. It will suffice to discuss the holdings in two cases decided prior to that decision.

In *Blossom v. Ludington,* 31 Wis. 283, the appeal was from an order of the circuit court requiring appellant to submit to an examination as a witness. This court denied a motion to dismiss the appeal upon the ground that the order requiring examination of a party as a witness at the instance of the adverse party is a provisional remedy, a substitute for the old bill of discovery, and that it gives affirmative relief. The conclusion was that such an order grants a provisional remedy and is appealable. In *Phipps v. Wisconsin Central R. Co.* 130 Wis. 279, 110 N. W. 207, plaintiff gave notice of the taking of depositions of officers of the defendant company as adverse witnesses. The attendance of the witnesses before the commissioner was compelled by subpœna, which required the production of certain

papers. The witnesses declined to produce the papers, and the proceedings were certified to the circuit court which made an order commanding production. Upon appeal from this order, and a motion to dismiss, this court dismissed the appeal but incidentally stated that examination of the party under sec. 4096 (now secs. 326.10, 326.12, Stats.) is both a special proceeding and a provisional remedy. However, the court stated that an order requiring a witness to produce books and papers is merely an interlocutory order regulating the manner of procedure upon the examination, and is neither a final order nor does it in any proper sense grant, refuse, continue, or modify the provisional remedy. In the *Milwaukee Corrugating Co. Case, supra,* this court reviewed the authorities as heretofore stated and disavowed the holding, (1) that an adverse examination under sec. 4096 is a special proceeding, or (2) that an order refusing to suppress such an examination grants or continues a provisional remedy. It was pointed out that the right of examination under this statute is a right given as a matter of course upon filing the required affidavit and is not dependent upon any action of the court, and that in refusing to interfere with the right the court does not affect it in any way but simply "lets it alone."

In *State ex rel. Finnegan v. Lincoln Dairy Co.* 221 Wis. 15, 265 N. W. 202, the appeal was from an order limiting an adverse examination of defendant and its officers. This was held not to be an appealable order because such an order does not refuse or modify a provisional remedy, but simply regulates the procedural steps which may be properly taken when the remedy is invoked in a particular case. In other words, as was pointed out in the *Phipps Case, supra,* such orders merely regulate the manner of procedure upon the examination.

The conclusions from these cases are, (1) that the adverse examination is a provisional remedy; (2) that being granted as a matter of course by statute, no order of the

court can be considered appealable upon the ground that it grants this provisional remedy; (3) that an order refusing to suppress is not an appealable order upon the ground that it continues a provisional remedy; and (4) that an order limiting the adverse examination does not refuse or modify a provisional remedy. The only orders found appealable by the earlier cases were those refusing to suppress or to limit adverse examinations, and these holdings were upon the theory that such orders continued a provisional remedy. This position was abandoned in the *Milwaukee Corrugating Co. Case, supra,* and in the *Finnegan Case, supra,* this court refused to entertain an appeal from an order which, by limiting the scope of the adverse examination, was argued to have modified or in part refused a provisional remedy. Such orders merely regulate the procedure upon the examination and do not operate upon the provisional remedy which the adverse examination constitutes. It is an inescapable conclusion that the order in question is not appealable and that this court has no jurisdiction to review it.

*By the Court.*—Appeal dismissed.