ESTATE OF BRIESE.

*April 15—May 20, 1941.*

*Arthur W. Lueck* and *Wm. O. Lueck,* both of Beaver Dam, for the appellants.

*Frank A. Ross* of Madison, for the respondent.

FRITZ, J.  The respondent, Martha Briese, contends that the trial court's order suppressing the taking of an adverse examination under sec. 326.12, Stats., is not an appealable order, and in support of her motion to dismiss the appeal therefrom, she relies upon the decisions in *State ex rel. Finnegan v. Lincoln Dairy Co.* 221 Wis. 15, 17, 265 N. W. 202; *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777; *Hyslop v. Hyslop,* 234 Wis. 430, 291 N. W. 337. Appellants contend that the order refuses a provisional remedy and therefore it is an appealable order under the provision in sec. 274.33 (3), Stats., allowing an appeal from an order when it "grants, refuses, continues or modifies a provisional remedy."  This contention must be sustained.  It is well established that the taking of an adverse examination under sec. 326.12, Stats., is a "provisional remedy" within the meaning of that term as used in sec. 274.33 (3), Stats. *Phipps v. Wisconsin Central R. Co.* 130 Wis. 279, 110 N. W. 207; *Hyslop v. Hyslop, supra.*  The orders under consideration in the cases relied upon by the respondent did not suppress or dismiss the proceedings for such an adverse examination and thereby refuse the provisional remedy.  On the contrary, the order in question in the *Milwaukee Corrugating Co. Case* denied a motion to suppress the examination, and the order was held not appealable because the right to the examination is granted by sec. 326.12, Stats., as a matter of course and is not dependent upon any action of the court; and consequently the denial of the motion to suppress the examination neither "grants, refuses, continues or modifies a provisional remedy"

within the meaning of these terms as used in sec. 274.33 (3), Stats. In the *Finnegan* and *Hyslop Cases* the orders in question were nothing more "than an authoritative determination as to what evidence may be elicited upon the examination;" and as these orders merely regulated the procedure upon the examination to be held in the exercise of the provisional remedy granted by the statutes, sec. 326.12, Stats., it was held that the orders did not continue or modify the provisional remedy. Neither that conclusion nor the ruling in the *Milwaukee Corrugating Co. Case* is applicable to the order involved in the case at bar, which suppresses and dismisses entirely all proceedings for the examination which appellants seek to take in the exercise of the provisional remedy invoked by them. As there clearly is a refusal of that remedy as the direct result of solely the court's action in making the order in question, it is an appealable order.

*By the Court.*—The motion to dismiss the appeal is denied with costs.