Condura Construction Company, Plaintiff, v. Milwau-
kee Building & Construction Trades Council,
A.F.L., and another, Defendants. [Two appeals.]

*November 4—December 1, 1959.*

For the plaintiff there were briefs by *Lamfrom & Peck*, attorneys, and *Leon B. Lamfrom* and *Jacob L. Bernheim* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom.*

For the defendants there was a brief by *Goldberg, Previant & Cooper,* and oral argument by *David L. Uelmen,* all of Milwaukee.

Brown, J.  In the time which has passed since the judgment of the trial court first restrained defendants' conduct, the supreme court of the United States has determined that the congress of the United States completely pre-empted the field of labor relations affecting interstate commerce, thus denying to the states all jurisdiction over such matters and has confided the regulation of such matters to the national labor relations board.  *Guss v. Utah Labor Board* (1957), 353 U. S. 1, 77 Sup. Ct. 598, 1 L. Ed. (2d) 601.

The injunction contained in the judgment obtained by the plaintiff against the defendants was a permanent injunction.

However, permanent injunctions are not irrevocable. They are permanent so long as the conditions which produce the injunction remain permanent. 28 Am. Jur., Injunctions, p. 830, sec. 316, states the rule thus:

"With regard to the causes or occasions which may call for the modification or suspension of a permanent injunction, the rule seems to be that the court, in its discretion, may always permit or order such modification or suspension where it believes the ends of justice will be thereby served. Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction because no such vested right exists. On application to modify the decree, the inquiry is simply whether changes since its rendition are of sufficient importance to warrant such modification. However, the injunction, whether right or wrong, cannot on such a hearing be impeached in its application to the conditions that existed at its making."

And, id., pp. 832, 833, sec. 319:

"But in so far as the final decree is executory in effect, the court which entered it has inherent power to modify or vacate the injunction to conform to a change of conditions occurring after it was awarded."

In support of their motion to dissolve or modify the injunction, defendants filed an affidavit alleging that the facts upon which the injunction was granted now no longer exist, for the plaintiff's business has so changed that it now does affect interstate commerce and, also, the law upon which the injunction depended has changed in that it no longer permits the state to exercise any jurisdiction over the subject of

picketing in an industry which affects interstate commerce, as determined by *Guss v. Utah Labor Board, supra, Amalgamated Meat Cutters v. Fairlawn Meats* (1957), 353 U. S. 20, 77 Sup. Ct. 604, 1 L. Ed. (2d) 613, and *San Diego Unions v. Garmon* (1957), 353 U. S. 26, 77 Sup. Ct. 607, 1 L. Ed. (2d) 618.

The trial court has the inherent power of inquiry to ascertain whether present conditions of fact or law, or both, permit or require the court to continue the executory effect of the injunction or to make appropriate modifications in it. A party to the action who is adversely affected by the injunction may initiate inquiry by a petition to the court or by a motion with supporting affidavits showing to the court the changes in the conditions upon which the moving party relies. The motion to the trial court here is sufficient to bring these matters to the court's attention.

But until the changes in facts and law alleged by defendants have been proved to the satisfaction of the court and the effect of such changes is what the defendants claim for them, it is not error for the trial court to deny the defendants' motion to dissolve or modify the injunction.

Sec. 274.33 (3), Stats., declares an order appealable to the supreme court when the order grants, refuses, modifies, or dissolves an injunction. These parts of the order from which defendants appeal neither grant an injunction nor refuse to grant it, nor do they modify or dissolve an injunction. The statute does not make appealable an order which only refuses to modify or dissolve an injunction which is what the court did. Nor is this order a final one. Therefore, we conclude that paragraphs 1 and 2 of the order are not appealable nor is that part of paragraph 3 which denies vacation of the injunction.

In the remainder of paragraph 3 of the order, the order purports to grant a new trial in the interests of justice for

reasons given in the court's memorandum of January 2, 1959. These are as follows:

"There should be no modification of the present injunction unless the defendants, after a full and complete trial of the issues, justify such modifications. The consequences of modification at this time might nullify the purpose of the original injunction before an adjudication to determine whether or not there should be such modification. Factual contentions presented by either party to the action in the briefs may or may not be supported by the evidence and there should be no finding upon such allegations of fact unless they are based upon evidence."

Sec. 274.33 (3), Stats., makes appealable an order granting a new trial. This order in its terms specifically purports to grant a new trial and, as such, we are compelled to reverse the order as an abuse of discretion. New trials are granted to rectify, or give opportunity to rectify, errors in preceding trials. It is evident that there are no such errors. This court and the United States supreme court affirmed the judgment in *Vogt, Inc., v. International Brotherhood* (1955, 1956), 270 Wis. 315, 71 N. W. (2d) 359, 74 N. W. (2d) 749, and 354 U. S. 284, 77 Sup. Ct. 1166, 1 L. Ed. (2d) 1347, thus governing the case at bar. There is nothing, then, the matter with the first trial or the judgment pronounced therein. No new trial can be ordered upon it.

But we think that the language used by the trial court incorrectly expressed its meaning, for the memorandum decision, to which the order refers, directed inquiry into facts which did not exist at the time of the original trial and the judgment thereon. In substance the trial court really ordered an inquiry into current conditions. So construed the order is not one for a "new trial" and does not qualify as an appealable order under sec. 274.33 (3), Stats., but it is none the less valid as an order within the inherent power of the court permitting the parties to show whether or not

present conditions have so changed that the injunction should be continued, modified, or dissolved. But that valid order is not an appealable one. In so far as the language of the court is taken literally, the order granting a new trial is reversed, the order is construed as directing inquiry into the alleged new conditions and the appeal from it is dismissed as an unappealable order.

Paragraphs 4 and 5 of the order restrain defendants from examining adversely Lawrence Vogt, an officer of plaintiff corporation, under *subpoena duces tecum.* An order which merely limits the scope of an examination noticed under sec. 326.12, Stats., is not appealable. *Will of Block* (1953), 264 Wis. 471, 59 N. W. (2d) 440; but an order which completely suppresses such an examination, as this one does, is an appealable order. *Estate of Briese* (1941), 238 Wis. 6, 298 N. W. 57.

While the order is an appealable one, we affirm the order suppressing the examination and quashing the subpoena for the reason stated by plaintiff's counsel, which we quote:

"Sec. 326.12 (1), Wis. Stats., permits an adverse examination only '*before* final determination' of a civil action or proceeding. Sec. 270.53 (1), Wis. Stats., declares a 'judgment' to be a 'final determination.' Since, here, a final judgment has long since been entered, *i.e.,* a 'final determination' was had, an adverse examination under sec. 326.12 is not permissible and the trial court was plainly right in granting appellant's motion."

To recapitulate our conclusions, the appeals from the order in paragraph 1 and paragraph 2 are dismissed. The order granting a new trial is reversed. That order is modified to be one directing inquiry into an alleged change in the controlling facts upon which the injunction rests. As such the order is not appealable. That part of the order in paragraphs 4 and 5 appealed from is affirmed.

*By the Court.*—Appeal dismissed as to paragraphs 1 and 2. That part of paragraph 3 of the order which purports to grant a new trial is reversed, and the order modified as stated in the opinion. That part of the order in paragraphs 4 and 5 appealed from is affirmed. Appellant shall have costs in this court.