STATE EX REL. OPELT, and another, Respondents, v. CRISP, Appellant.

*No. 75–791. Submitted on briefs November 2, 1977.— Decided November 30, 1977.*
(Also reported in 260 N.W.2d 25.)

For the appellant the cause was submitted on the briefs of *William J. Tyroler,* Corrections Legal Services Program, Milwaukee.

For the respondents the cause was submitted on the briefs of *Robert P. Russell,* corporation counsel, *Joseph A. Greco* and *Jon Erik Kingstad,* assistant corporation counsels.

CONNOR T. HANSEN, J. On May 1, 1969, a complaint was filed in Milwaukee county court alleging that Donald Roy Crisp is the father of a daughter, born to Jean Opelt on January 6, 1968. A warrant was issued on April 29, 1969.

Crisp, who in 1969 was incarcerated in the Waukesha county jail, apparently did not receive notice of the paternity complaint until April 2, 1974, when the warrant was lodged as a detainer at the Wisconsin State Prison, where he was then imprisoned. Crisp requested a speedy trial, and a preliminary examination was eventually held, as provided in sec. 52.27, Stats., on March 27, 1975, in Milwaukee county court.

At the preliminary examination the complainant-Opelt testified and was cross-examined by counsel for Crisp, who was also present. The county judge found probable cause to believe that Crisp was the father of her child, who is now eight years old.

On February 11, 1976, the matter was referred for trial after Crisp's motion to dismiss for want of speedy trial was denied. Pursuant to sec. 804.08, Stats., Crisp's lawyer caused a set of interrogatories directed to Opelt to be served on her lawyers, Assistant Milwaukee County Corporation Counsel. The interrogatories consisted of 55 questions, some of them multiple.[1]

The interrogatories were not answered and Crisp brought a motion for an order directing that they be answered. Opelt's lawyer filed a written objection to the interrogatories stating that both Crisp and his lawyer were present at the preliminary examination at which time they had ample opportunity to fully question Opelt.

---

[1] A second, shorter, set of interrogatories was directed to the minor child. Decision on a motion to require answers to those interrogatories was deferred pending examination of a psychiatrist's report. These interrogatories are not involved in the instant appeal.

The trial judge found that the preliminary hearings provided in paternity proceedings ". . . make it possible for the defendant to elicit all the information that could be obtained by interrogatiries [sic]. . . ." The trial court also pointed out that the Milwaukee County Corporation Counsel had approximately 50 paternity cases each week, and that to require corporation counsel to assist in the answering of burdensome interrogatories would seriously jeopardize their ability to function.

On the basis of this decision, an order was entered denying the motion of Crisp to require answers to the interrogatories. Crisp appeals from this order.

The following issues are presented:

1. Is an order denying a motion to require answers to interrogatories an appealable order?

2. Does the right to a preliminary hearing in paternity proceedings, under sec. 52.27, Stats., foreclose the defendant's use of interrogatories, under sec. 804.08, Stats.?

## APPEALABILITY.

The respondent contends that the order of the trial court is not appealable.

An order which grants, refuses, continues or modifies a provisional remedy is appealable, sec. 817.33(3)(a), Stats., and statutory discovery devices are considered provisional remedies. *Whanger v. American Family Mut. Ins. Co.*, 58 Wis.2d 461, 467, 468, 207 N.W.2d 74 (1973). The order before the court is therefore appealable if it can be said to "refuse" the provisional remedy of discovery by interrogatories.

In *Chudnow Construction Corp. v. Commercial Disc.*, 60 Wis.2d 429, 210 N.W.2d 721 (1973), a circuit court order had denied a motion to require answers to certain

interrogatories. In a *per curiam* opinion, this court held that the order of the circuit court was not appealable. This court explained, at 430:

". . . [Sec. 887.30, Stats., 1973] allows a party to serve written interrogatories upon another party, and in the event an answer is not forthcoming, to move the court in which the action is pending for an order compelling the party failing to answer the interrogatories to do so. In *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N.W. 337, it was held that an order denying the defendant's motion to compel the plaintiff to answer *certain questions* on an adverse examination was not appealable. For the purpose of appealability of an order refusing to compel an answer, there is no difference between oral and written questions.

"The appeal is dismissed. . . ." (Emphasis added.)

We refer to *Chudnow, supra,* to point out that the decisions of this court distinguish between orders which effectively *refuse* a provisional remedy, and are therefore appealable; and orders which merely *limit the scope* of a provisional remedy, and are therefore not appealable. *See, e.g., Buchen v. Wisconsin Tobacco Co.,* 59 Wis.2d 461, 469, 208 N.W.2d 473 (1973). The order in *Chudnow* merely limited the scope of discovery, while the order now before the court effectively refused the provisional remedy altogether.

The order in *Chudnow* refused to compel answers to particular questions in a set of interrogatories, on grounds of irrelevancy. The case was therefore similar to *Hyslop v. Hyslop,* 234 Wis. 430, 291 N.W. 337 (1940).

*Hyslop* involved an order which refused to compel answers to particular questions on an adverse examination, where claims of privilege and self-incrimination were raised with regard to those questions. The order was not appealable because ". . . an order limiting the adverse examination does not refuse or modify a provisional remedy." Rather, "[s]uch orders merely regulate the procedure upon the examination and do not operate upon

the provisional remedy which the adverse examination constitutes." *Hyslop, supra,* at 434.

This distinction was also set forth in *State ex rel. Finnegan v. Lincoln Dairy Co.,* 221 Wis. 15, 265 N.W. 202 (1936), where this court stated that an order limiting the scope of a provisional remedy "does not suppress anything" but ". . . merely prescribes the field in which the provisional remedy may operate," by determining "what evidence may be elicited upon the examination" or by "determining the procedural steps which may properly be taken when the remedy is invoked in a particular case. . . ." *Finnegan, supra,* at 17. *See also: Buchen v. Wisconsin Tobacco Co., supra,* at 467–471.

In contrast to orders which merely limit the scope of the discovery proceedings are orders which refuse, or effectively refuse, the provisional remedy altogether. Thus an order which suppresses an adverse examination is appealable. *Condura Construction Co. v. Milwaukee Building Const. Trades Council,* 8 Wis.2d 541, 549, 99 N.W.2d 751 (1959); *Estate of Briese,* 238 Wis. 6, 298 N.W. 57 (1941). Further, an order which so restricts the scope of an adverse examination as to effectively suppress it is also appealable. *Kuryer Publishing Co. v. Messmer,* 162 Wis. 565, 156 N.W. 948 (1916).

Conversely, where a witness refuses to testify at all at an adverse examination, an order requiring him to answer the questions put to him has been held to be appealable. *Phipps v. Wis. Cent. R. Co.,* 133 Wis. 153, 113 N.W. 456 (1907). In this setting ". . . the order was not a mere ruling on the admissibility of testimony, but was a directive granting plaintiff his provisional remedy." Walther, *Appellate Practice in Wisconsin* (1965), sec. 2.03, p. 17.

Therefore, an order which concerns the witness' duty to answer questions generally, and which is not directed

to particular questions, may effectively grant or deny the provisional remedy. For purposes of appealability, there is no difference between an order denying a motion to compel answers at an adverse examination and an order denying a motion to compel answers to interrogatories. *Chudnow, supra*, at 430.

It follows from the foregoing that an order declining to compel answers to interrogatories is appealable if it effectively refuses the right to propound interrogatories under sec. 804.08, Stats. That is precisely the effect of the order before the court, which declined to compel answers to any interrogatories. Without the power to compel answers, the statutory right to propound interrogatories, if such a right exists, is meaningless. In *Fanshaw v. Medical Protective Asso.*, 52 Wis.2d 234, 238, 190 N.W.2d 155 (1971), this court held that an appeal would lie from an order denying a motion to compel production of documents under sec. 269.57(4), Stats. 1969, because the order denied a provisional remedy. The present order is appealable for the same reason.

The respondent also argues that the appeal will not lie because the appellant, Crisp, is not a "party aggrieved" within the meaning of sec. 817.10, Stats.[2]

This court has stated that:

". . . A person is aggrieved by a judgment whenever it operates on his rights of property or bears directly on his interest. An 'aggrieved party' within the meaning of a statute governing appeals is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment." *Greenfield v. Joint*

---

[2] *"817.10 Writ of error not essential, parties defined.* Any judgment within s. 817.09 or any order defined in s. 817.33 may be reviewed before the supreme court upon an appeal by any party aggrieved. A party first appealing is the appellant. All others are respondents."

*County School Comm.*, 271 Wis. 442, 447, 73 N.W.2d 580 (1955); *See also: Northland Greyhound Lines v. Blinco*, 272 Wis. 29, 74 N.W.2d 796 (1956); and *In re Fidelity Assur. Asso.*, 247 Wis. 619, 20 N.W.2d 638 (1945).

The essence of this requirement is that the judgment or order appealed from must bear directly and injuriously upon the interests of the appellant; he must be adversely affected in some appreciable manner.

We have no difficulty in arriving at the conclusion that for the purposes of this appeal, Crisp is an aggrieved party. He is the alleged father in a paternity suit. If, as he argues, he has a statutory right to proceed with interrogatories of the mother, and the trial court has denied such statutory right, he is an aggrieved party.

## *AVAILABILITY OF INTERROGATORIES.*

The trial court determined that the defendant, an alleged father, in a ch. 52 paternity proceeding, was not entitled to the use of interrogatories generally available in civil actions.[3] This conclusion was reached by the trial court because the legislature, by the enactment of sec. 52.27, Stats., has made available to the defendant a preliminary examination procedure and because such procedure is also distinctly different from the preliminary examination procedure established in felony cases by sec. 970.03.

The question presented is one of statutory construction, and thus one of law.

Sec. 52.27, Stats., provides for a preliminary examination in a paternity proceeding and in doing so sets forth the nature and scope of such examination in part, as follows:

---

[3] *See:* sec. 801.02(2) and sec. 804.08, Stats.

"*52.27 Preliminary examination*. . . . the court or court commissioner shall examine the complaint under oath respecting the cause of complaint; the defendant may cross-examine her and put any questions necessary for his defense. Witnesses may be examined on behalf of either party. . . ."

In contrast, the provisions of sec. 970.03, Stats., which govern the preliminary examination procedure in criminal proceedings, provide in part, as follows:

"*970.03 Preliminary examination*. (1) A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant.

". . .

"(5) . . . The defendant may cross-examine witnesses against him, and may call witnesses on his own behalf who then are subject to cross-examination."

Section 52.45, Stats., provides that a paternity proceeding is a "civil special proceeding" and is to be conducted:

". . . according to the provisions of these statutes with respect to civil actions and civil proceedings in courts of record, as far as applicable except as otherwise provided in this chapter; . . . ." Sec. 52.45, Stats.

Sec. 801.01(1), Stats., of the rules of civil procedure, provides:

"*801.01 Kinds of proceedings; scope of Title XLII–A.* (1) KINDS. Proceedings in the courts are divided into actions and special proceedings. 'Action', as used in this title, includes 'special proceeding' unless a specific provision of procedure in special proceedings exists."[4]

The gist of the respondent's argument is that even though the legislature has declared paternity actions under ch. 52 to be "civil special proceeding[s]" and established many specific provisions of procedure, in-

---

[4] *See also:* sec. 801.01(2), Stats.

cluding a sec. 52.27, Stats., preliminary examination, he is entitled to use interrogatories under sec. 804.08. He is entitled to both a sec. 52.27 preliminary examination and use of interrogatories under the general provisions of sec. 804.01, he argues, because nowhere in either ch. 52 or the rules of civil procedure is the use of interrogatories in paternity proceedings specifically prohibited.

We find this argument to be untenable. The legislature has seen fit to specifically declare paternity trials to be "civil special proceeding[s]", and in ch. 52 set forth in considerable detail specific provisions of procedure to be followed in such proceedings. These include a type of preliminary examination unique to paternity proceedings.

In order for us to agree with the assertions of the defendant it would be necessary for us to hold that paternity proceedings were not special proceedings contrary to the express declaration of the legislature. It would also be necessary for us to hold that the legislature did not enact specific procedures to be followed in such proceedings. This we cannot do.

We believe the language of the statute is plain on its face and no resort to extrinsic materials is necessary. *Harris v. Kelley*, 70 Wis.2d 242, 234 N.W.2d 628 (1975). Sec. 52.27, Stats., provides that at the preliminary examination the court shall examine the complainant as to the cause of the complaint. Both parties may call and examine witnesses. The defendant is granted the express right of cross-examination, not only of witnesses, but of the complainant herself. His examination is not limited to the usual scope of cross-examination, but he may put to her any questions necessary for his defense.

Unlike many civil actions, these proceedings are not complex; there is only one issue, whether or not the defendant is the father of the child. By the enactment of ch. 52, Stats., the legislature has formulated a pro-

cedure to determine that solitary issue. Sec. 52.27, Stats., in granting the defendant the right to put any question necessary for his defense, has provided him with a procedure for discovery. The statute is clear on its face and the legislature would not have used the language if it did not intend it to have meaning. *Mulvaney v. Tri State Truck & Auto Body, Inc.*, 70 Wis.2d 760, 764, 235 N.W.2d 460 (1975). This court has recognized that even in a criminal preliminary, with only the right of cross-examination vested in the defendant, the hearing may be of collateral benefit to a defendant as a discovery tool. *Bailey v. State,* 65 Wis.2d 331, 344, 222 N.W.2d 871 (1974). Under the instant statute the discovery is extended to any question necessary to his defense. The plain language of the statute should not be extended or construed to achieve absurd or unreasonable consequences. *State ex rel. Wis. Elec. Power Co. v. Bardwell,* 71 Wis.2d 718, 729, 239 N.W.2d 78 (1976). We are of the opinion that such would be the result if, in addition to the unusually extended type of preliminary examination provided in sec. 52.27, the defendant also had available the general rights of interrogatories provided in sec. 804. The interpretation of the statutes by the trial court was correct and we affirm the order.

*By the Court.*—Order affirmed.