WRIGHT, Respondent, v. HASLEY, Appellant.

Supreme Court

*No. 76–207. Submitted on briefs November 1, 1978.—*
*Decided January 9, 1979.*
(Also reported in 273 N.W.2d 319.)

For the appellant the cause was submitted on the briefs of *Gordon K. Aaron* and *Axel, Aaron & Goldman* of Milwaukee.

For the respondent the cause was submitted on the brief of *Lee J. Geronime* and *Michael, Best & Friedrich* of Milwaukee.

WILLIAM G. CALLOW, J.  This is an appeal from an order which in part denied the defendant's motion for summary judgment on the plaintiff's claim seeking dam-

ages for alleged intentional infliction of emotional distress. We affirm. The defendant also appeals from an order denying her motion to compel the plaintiff to answer certain questions objected to in the course of a deposition. Because this part of the order is not appealable, the appeal from it is dismissed.

The plaintiff premised her action, to recover damages for the defendant's alleged intentional infliction of emotional distress, on various activities which allegedly occurred while the defendant was employed as a cleaning woman in the plaintiff's home. The plaintiff alleged that the defendant opened her purse to find bank account records, removed various documents from the purse, and relayed the information to others. She alleged that the defendant took phone messages for the plaintiff but failed to give them to her and that she eavesdropped on the plaintiff's conversations and told others what was said. Finally, the plaintiff alleged that the defendant told others, including the plaintiff's husband, false stories about the plaintiff. The complaint charged that this conduct

"was an intentional invasion of plaintiff's privacy for the purpose of causing emotional distress to the plaintiff; that said conduct of the defendant was gross, extreme and outrageous and, as such, constituted an unwarranted denial of the plaintiff's dignity as a person; that defendant's conduct was the cause of great emotional distress suffered by the plaintiff in that it was disabling to plaintiff in her social relationship with creditors, friends and social acquaintances and subjected plaintiff to unwarranted humiliation and embarrassment."

The defendant's answer denied these allegations and maintained that the plaintiff failed to state a claim on which relief could be granted.

In a deposition taken May 21 and 25, 1976, the plaintiff testified that the defendant was hired in 1969 to provide household services for the Wright family. The

defendant performed such duties as ironing, laundry, household cleaning, and some kitchen work until she quit because of illness at the end of October or early November, 1975. The plaintiff stated that she and her husband became involved in a divorce action in late September, 1975. She testified that in August of that year, unknown to her, the defendant began an affair with the plaintiff's husband, undermining the marital relationship between the plaintiff and her husband.

Counsel for the defendant inquired at length whether the plaintiff had become physically or emotionally disabled and whether the plaintiff was able to carry on her day-to-day activities in her usual fashion. The plaintiff denied being unable to do anything she wished to do because of the actions of the defendant except that she felt socially inhibited, embarrassed, humiliated, and harassed as a result of the defendant's actions. She testified she failed to keep and sometimes failed to make social engagements and experienced social embarrassment. She also testified that because of the defendant's actions her general reputation, integrity, and character have been damaged. She admitted her emotional distress was in part due to the pending divorce action; however, she was unable to separate the emotional distress resulting from the defendant's actions and that resulting from the divorce action. She testified that many of the distressing developments in her divorce resulted from information supplied to her husband by the defendant.

Relying on the plaintiff's testimony that she was not unable to do things because of physical, mental, or emotional problems except for feelings of humiliation, embarrassment and harassment, the defendant moved for summary judgment on the ground that this testimony precluded a demonstration of an "extreme disabling emotional response" caused by the defendant's conduct which is an essential element necessary to effect recovery on the theory of intentional infliction of emotional dis-

tress. The defendant also moved the court for an order compelling plaintiff to answer questions certified from the adverse examination.

After the court denied these motions, the defendant moved for reconsideration and alternatively for leave to renew the motion for summary judgment. This motion was denied on September 8, 1976. The plaintiff appeals.

The tort of intentional infliction of emotional distress was first recognized by this court in *Alsteen v. Gehl,* 21 Wis.2d 349, 356–57, 124 N.W.2d 312 (1963), in which the court stated that a person may recover damages for severe emotional distress resulting from extreme and outrageous conduct purposely undertaken by the defendant to inflict emotional harm upon the injured person. In *Alsteen,* this court concluded that four factors must be established for an injured plaintiff to recover. The first three require the conduct be intentional, extreme and outrageous, and the cause-in-fact of the injury. It is the fourth element that is at issue here. The fourth element in *Alsteen* is that

"The plaintiff must demonstrate that he suffered an extreme disabling emotional response to the defendant's conduct. The severity of the injury is not only relevant to the *amount* of recovery, but is a necessary element to *any* recovery. The plaintiff must demonstrate that he was unable to function in his other relationships because of the emotional distress caused by defendant's conduct. Temporary discomfort cannot be the basis of recovery." *Id.* at 360–61. (Emphasis in original.)

Prior to *Alsteen,* this court had been hesitant to allow recovery for emotional harm in the absence of physical injury which manifests such distress. This reluctance was due to the difficulties of distinguishing valid from fraudulent claims. However, with advancing techniques in psychiatry and clinical psychology, we concluded that triers of fact could make intelligent, evaluative judg-

ments on a plaintiff's claim for damages arising out of the defendant's alleged intentional infliction of emotional distress. *See: Ver Hagen v. Gibbons,* 47 Wis.2d 220, 225–27, 177 N.W.2d 83 (1970); *School District No. 1 v. ILHR Dept.,* 62 Wis.2d 370, 377, 215 N.W.2d 373 (1974). The *Alsteen* requirements have been recently reaffirmed by this court in *Anderson v. Continental Insurance Co.,* 85 Wis.2d 675, 695, 271 N.W.2d 368 (1978), and *McKissick v. Schroeder,* 70 Wis.2d 825, 832, 235 N.W.2d 686 (1975).

On this appeal the defendant contends that the trial court should have granted summary judgment in her favor on the ground that certain answers of the plaintiff at her deposition establish that she cannot meet the fourth requirement presented by the *Alsteen Case,* namely, an extreme disabling emotional response.

Sec. (Rule) 802.08(2), Stats., provides that summary judgment

"shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Sec. (Rule) 802.08, Stats., replaced sec. 270.635, Stats. 1973. The basic standard to be applied by the trial court in determining whether summary judgment is appropriate, *viz.,* whether there is an issue of material fact in dispute, has not changed.[1]

The new rule imports, however, a changed standard of appellate review of a summary judgment or an order

[1] In *Jahns v. Milwaukee Mutual Insurance Co.,* 37 Wis.2d 524, 530, 155 N.W.2d 574 (1968), we said: "A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgment whether there is a substantial issue to be tried."

denying a motion for summary judgment.[2] Former sec. 270.635, Stats. 1973, prescribed the circumstances under which summary judgment "may be entered"; the new rule prescribes the conditions under which it "shall be rendered." This court, guided by the discretionary language of the former statute, consistently said that the decision to grant or deny summary judgment is one for the trial court's discretion. *Hardscrabble Ski Area v. First National Bank,* 42 Wis.2d 334, 338, 166 N.W.2d 191 (1969); *Zimmer v. Daun,* 40 Wis.2d 627, 631, 162 N.W.2d 626 (1968). Thus in *American Orthodontics Corp. v. G & H Ins. Agency, Inc.,* 77 Wis.2d 337, 343, 253 N.W.2d 82 (1977), we said:

"Even if certain legal issues present themselves in the affidavits or if we might disagree with the trial courts' denial of summary judgment—which we do not intimate to be the case here—we have recognized that this court ought not to reverse and that it 'ought not to reach the merits when the trial court has not done so except in an unusual case.'" (Footnote omitted.)

We view the mandatory language of the new rule as calling for a more exacting appellate scrutiny of the trial court's decision not to grant summary judgment. The new summary judgment rule follows the federal rule very closely. *See:* Judicial Council Committee's Note, 1974; Fed. R. Civ. P. 56. In view of the changed language of the summary judgment rule, we can, as a general proposition, no longer accord the trial court wide latitude in deciding to grant or deny summary judgment. There may, of course, be occasions where the language of the rule and circumstances of the case warrant giv-

---

[2] Orders denying motions for summary judgment are no longer appealable of right. Sec. 808.03, Stats.

ing great weight to the trial court's decision.[3] We, like the federal appellate courts, proceed here to review the trial court's decision by applying, just as the trial court applied, the standards and methods set forth in the new rule. *See, e.g., United States v. Diebold, Inc.,* 369 U.S. 654 (1962) ; *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976) ; 10 Wright and Miller, *Federal Practice and Procedure,* sec. 2716 (1973 ed.). We would be required to reverse the order at issue here if on the record there appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sec. (Rule) 802.08(2), Stats.

The trial court in denying the motion for rehearing concluded the plaintiff's statements elicited on adverse examination by the defendant's attorney called for the adoption of the meaning of words employed by defendant's counsel, words whose imprecise meaning may have confused the plaintiff as demonstrated by other portions of her testimony. The trial court correctly noted that in other portions of the testimony the defendant clearly

---

[3] For instance, the language of sec. (Rule) 802.08(3), Stats., is in part as follows: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, *if appropriate,* shall be entered against such party." [Emphasis added.] This seems to contemplate the trial court's sound exercise of discretion. *See: McSurely v. McClellan,* 521 F.2d 1024, 1034 (D. C. Cir. 1975); 10 Wright and Miller, *Federal Practice and Procedure,* sec. 2739 (1973 ed.).

claimed she did suffer emotional distress and disability.[4] There remained competing inferences to be drawn from the plaintiff's testimony. It cannot be said that by her answers to these selected questions on adverse examination any material issue of fact on the question of an extreme disabling emotional response has disappeared from the case. We approve the trial court's conclusion that a material issue of fact remains as to whether the plaintiff suffered an extreme disabling emotional response and was entitled to a trial. Under such circumstances summary judgment is inappropriate, and the plaintiff should be granted a trial on the merits.

We turn to the question of the trial court's order denying the defendant's motion to compel the plaintiff to answer certain questions. Sec. 817.33, Stats., provides in part:

"The following orders when made by the court may be appealed to the supreme court: . . .
"(3) When an order:

---

[4] The plaintiff testified as follows:

"*Q.* All right. So you're saying then that you have had emotional disorder that is attributable to the actions of Darlene Hasley?

"*A.* In good part.

"*Q.* In good part. All right. Describe the nature of that emotional disorder.

"*A.* Well, the embarrassment and humiliation and anguish that has been caused to me by Darlene Hasley's actions has caused me great anguish and emotional turmoil.

"*Q.* I am talking about the emotional state that requires medical treatment. Has this occurred?

"*A.* To the best description I have.

"*Q.* All right. Now, are you under a course of treatment with Dr. Fritz?

"*A.* Not a course of treatment, no.

"*Q.* Are you taking any medication prescribed by Dr. Fritz?

"*A.* Yes.

"*Q.* What kind of medication if you know?

"*A.* I'm taking tranquilizers and I'm taking sleeping pills."

"(a) Grants, refuses, continues or modifies a provisional remedy; . . ."

In *Hyslop v. Hyslop*, 234 Wis. 430, 291 N.W. 337 (1940), this court held that an order denying the defendant's motion to compel the plaintiff to answer certain questions on an adverse examination is not appealable. This was because "such an order does not refuse or modify a provisional remedy, but simply regulates the procedural steps which may be properly taken when the remedy is invoked in a particular case." *Id.* at 433. Such orders merely regulate the manner of procedure used in the examination.

While an order which merely limits the scope of an examination is not appealable, an order which completely suppresses such an examination is an appealable order. *Estate of Briese*, 238 Wis. 6, 298 N.W. 57 (1941). We cannot say the order completely suppresses examination in the case at hand.

Defendant's reliance upon *Kuryer Publishing Co. v. Messmer*, 162 Wis. 565, 156 N.W. 948 (1916) is misplaced. In that case the order appealed from enjoined examination on *any* matters pertaining to or bearing upon the subject matter of the complaint. In the case at hand, counsel for the defendant was allowed extensive discovery and has deposed the plaintiff on two separate occasions. The trial court's order does not deny defendant the right to discovery and thus is not an appealable order.

*By the Court.*—That part of the order denying the defendant's motion for summary judgment is affirmed; the appeal from that part of the order denying the defendant's motion to compel the plaintiff to answer certain questions is dismissed.