STATE of Wisconsin EX REL. Pamela DOMBROWSKI, Plaintiff-Respondent,†

v.

Mark MOSER, Defendant-Appellant.

Court of Appeals

*No. 81-1711. Submitted on briefs May 10, 1982.—Decided July 27, 1982.*
(Also reported in 323 N.W.2d 182.)

† Petition to review granted.

For the appellant the cause was submitted on the brief of *Bayorgeon & Glenn* of Appleton.

For the respondent the cause was submitted on the brief of *Robin Veternick,* assistant district attorney, of Appleton.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   The sole issue on appeal is whether sec. 49.53 (1), Stats., precludes a defendant in a paternity action from inspecting a county department of social services record, which may contain relevant evidence to impeach the complainant. We conclude that it does not.

Pamela Dombrowski commenced a paternity action against Mark Moser. She had previously applied for public assistance from the Outagamie County Department of Social Services. The application for aid and other information gathered from Dombrowski is maintained in a department file. Prior to trial, Moser filed a motion seeking to examine the department's file for any information that may be used to impeach Dombrowski. That motion was denied. At trial, Moser subpoenaed Dombrowski's case worker requiring the worker to bring the file for his inspection. After Dombrowski testified, the caseworker was called as a witness, but refused to produce the file for inspection.

Outside the presence of the jury, Moser renewed his request to examine the department's file. The court held the file privileged under sec. 49.53 (1) and would not allow Moser to inspect it. The jury returned a verdict finding Moser to be the father of Dombrowski's child. Moser appeals from the judgment entered on the verdict.

The only issue on appeal is whether, under these circumstances, sec. 49.53 (1) prohibits disclosure of Dombrowski's department of social services file to Moser. Section 49.53 (1), provides :

Except as provided under sub. (2), no person may use or disclose information concerning applicants and recipients of general relief under ss. 49.02 and 49.03, aid to families with dependent children, social services, child support and establishment of paternity services under s. 46.25, or supplemental payments under s. 49.177, for any purpose not connected with the administration of the programs. Any person violating this subsection may be fined not less than $25 nor more than $500 or imprisoned in the county jail not less than 10 days nor more than one year.

The state argues that paternity statutes at the time of this trial allowed discovery only at the preliminary examination.[1] The state contends sec. 49.53(1) prohibits disclosure of the file before and at trial. Additionally, it argues that the court did not abuse its discretion by not allowing inspection of the department's file because the information in the file was irrelevant. The file dates back to three or four years before conception of the child for whom support is sought.

Moser argues that, although the court may have been correct in refusing to allow discovery until such time as Dombrowski testified at trial, the language of sec. 49.53 (1) does not bar his access to the department's records. He argues that a paternity action to compel support is a matter connected with the administration of the child support program, and disclosure of the file is therefore not barred by the statute. Alternatively, he argues that the refusal of access to those records constitutes a denial of due process.

The initial question becomes whether the paternity prosecution is a "purpose . . . connected with the administration" of aid to dependent children within the

[1] *See State ex rel. Opelt v. Crisp*, 81 Wis. 2d 106, 260 N.W.2d 25 (1977). Section 767.475, Stats., now provides for more liberal discovery.

meaning of sec. 49.53(1). When a mother and her child receive public assistance in the form of aid to dependent children, an action to determine paternity and compel support is commenced to eliminate or reduce assistance. This connection is recognized in sec. 49.19(4)(h)1a, Stats., which requires the mother, as a condition of eligibility for aid to dependent children, to fully cooperate in efforts directed at establishing the paternity of a child born out of wedlock and obtaining support payments.[2] In addition, the state is automatically assigned the rights to support during the time aid is paid. Section 49.19 (4)(h)1b, Stats. We conclude that the action to establish paternity and to compel support is connected to the department's administration of aid to dependent children. To conclude otherwise would be unrealistic.[3] Therefore, sec. 49.53(1) does not bar disclosure of the department's file in this case. Consequently, it is not necessary for us to address Moser's due process argument.

Although the state contends the information sought is irrelevant, that cannot be determined until an inspection is made of the department's file. Because credibility of the mother is an important factor in a paternity action, it is error to deny access to the file for the putative father to determine whether there is any relevant evidence for impeachment purposes.

Although we hold Moser is entitled to inspect the file for relevant evidence, the court's failure to permit inspection was not prejudicial unless the file actually contained relevant evidence useful to impeach Dombrowski's testimony. We therefore reverse the judgment but do not

[2] Section 767.45, Stats., now allows the state to commence the paternity action whenever an assignment is made under sec. 49.-19(4)(h)1, Stats.

[3] The attorney general arrived at a similar conclusion involving a prosecution for nonsupport. 46 Op. Atty. Gen. 316 (1957).

order the verdict set aside. Upon remand, the court shall cause production of Dombrowski's file for Moser's inspection and shall determine at a hearing whether it contained evidence relevant for impeachment purposes. If such evidence existed, a new trial shall be ordered so that the relevant evidence is available to Moser upon retrial. If, however, the court concludes after the hearing that no relevant evidence existed, a new judgment shall be entered upon the verdict. Because part of the file predates the conception of the child, the court, in its discretion, may also determine that certain portions of the file are not subject to inspection since they are not, under any circumstances, relevant to the determination of paternity.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.