**Clark HELMKAMP et al., Appellants,**

v.

**CLARK READY MIX COMPANY,
Appellee.**

No. 2–57612.

Supreme Court of Iowa.

Jan. 19, 1977.

Ronald F. Eich, Carroll, for appellants.

Minnich & Neu, Carroll, and Nelson, Harding, Marchetti, Leonard & Tate, by Kenneth Cobb, Lincoln, Neb., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves proceedings instituted by defendant Clark Ready Mix Company to vacate a prior decree enjoining the operation of its ready-mix plant. We set forth the facts which led to the injunction in *Helmkamp v. Clark Ready Mix Co.,* 214 N.W.2d 126 (Iowa).

We held on the prior appeal that plaintiffs, the owners of homes near the plant, had proved nuisance and were entitled to an injunction closing the plant. We directed the district court to let a writ issue accordingly, which that court did. With respect to the period following, a witness testified: "Q. Now between the dates of April the 1st, 1974, and May 6th, 1974, was any cement dispensed through this plant during this period of time? A. No."

Defendant made extensive improvements in the plant endeavoring to overcome the objectionable features. Plaintiffs instituted contempt proceedings against defendant, and defendant instituted proceedings asking modification of the decree. The trial court held for defendant and dissolved the injunction. Plaintiffs appealed.

The instant appeal presents two main problems, the first legal and the second factual: whether our prior direction for issuance of an injunction means that the injunction goes on forever, and whether, since installation of the improvements, a nuisance actually exists.

I. Plaintiffs insist that defendant cannot challenge the injunction, because the trial court had to follow our mandate and issue an injunction and because of res judicata.

■ (1) Plaintiffs are right that when an appellate court remands with directions, the trial court must carry out the directions. *Kuhlmann v. Persinger,* 261 Iowa 461, 154 N.W.2d 860; *Iowa-Illinois Gas & Electric Co. v. Gaffney,* 256 Iowa 1029, 129 N.W.2d 832. But the district court did just that in the present case by issuing an injunction.

Then however the facts changed; defendant made extensive improvements endeavoring to correct the problems. Whether the district court itself had originally enjoined or enjoined under our mandate, the question relates to the power of a court to modify or vacate a "permanent" injunction on changed conditions in the future.

■ The law is clear that a court may so modify or vacate an injunction, otherwise the party restrained might be held in bondage of a court order no longer having a factual basis. *Faucher v. Grass,* 60 Iowa 505, 507–508, 15 N.W. 302, 303 ("Equity will not restrain further use of the lot for a smith's shop, if it may be used without proving to be a nuisance, upon the ground that its past use was a nuisance."). See also *Milk Wagon Drivers Union v. Meadowmoor Dairies, Inc.,* 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836; *Union Interchange, Inc. v. Savage,* 52 Cal.2d 601, 342 P.2d 249; 42 Am.Jur.2d Injunctions § 334 at 1138; 43 C.J.S. Injunctions § 218 at 956; Developments in the Law, Injunctions, 78 Harv.L. Rev. 994, 1082 ("Modification should, for example, be granted as a matter of right when a party, enjoined from operating his business because it causes an unreasonable amount of noise or smoke, can prove technological advances now make possible operation without such effects."). The district court in the present case could vacate the injunction decree on proof of changed conditions.

■ (2) Plaintiffs also labor under misapprehension on the role of res judicata here. The original injunction decree is res judicata as to conditions then existing; it is not res judicata as to events thereafter occurring and conditions thereafter coming into being. *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85, 106 N.W. 429; 46 Am.Jur.2d Judgments § 443 at 613; 50 C.J.S. Judgments § 712 at 180.

II. The question, therefore, is whether a factual basis for the injunction does or does not any longer exist. On this question defendant developed a very strong case as to the improvements installed in the plant and, by expert testimony, as to the consequent reduction in dust, noise, and smell.

Defendant presented evidence of numerous improvements made in an effort to cut down the amount of dust created by operation of the plant. First, a closed-in metal shelter area was built in which the cement trucks are loaded with mixed concrete. Air leaving the shelter is filtered through a specially designed inch-thick filter made of material similar to horsehair. All other openings to this area are closed during the operation and all air is pulled through the filter with an exhaust system.

Evidence showed defendant made several changes in attempting to reduce the dust resulting from the process of receiving and storing raw cement. The cement is pumped directly from a delivery truck through an enclosed pipe into the storage area, and is never exposed to the open air. The original filter on the storage area has been moved from the roof of the building to an area three feet from the ground on the side of the building opposite the residences in question. Additionally, a second complete filter system has been added to the original one so as to filter the air twice before it is released.

In a further endeavor to cut down dust, two sprinkler systems were added to insure adequate moisture around the plant. The first system is located in the driving and parking areas of the yard and is operated by a time-release mechanism. The second sprinkler system was installed around the sand and aggregate pits; it wets down these areas as needed.

The evidence further showed that several other changes were made to reduce the noise created by operation of the plant. First, a metal structure built to contain trucks while loading reduces noise levels as well as dust. Evidence indicated that the use of a jackhammer for removing hardened cement from trucks has been discontinued and that a new payloader, which according to the testimony is quieter than the one previously used, was purchased. Finally, the loading hopper for the conveyor system was lined with rubber to reduce noise created when objects are placed on the hopper.

The testimony presented by defendant's expert witnesses, although not conclusive, did substantiate the effectiveness of defendant's improvements. Donald F. Stevens, an employee of an independent testing laboratory, testified that in tests made both while the plant was in full operation and while not in operation, the noise levels in the area of plaintiffs' homes were at or below those to be expected for homes near a highway. Robert Corning, a chemical technology consultant who took measurements around defendant's plant and analyzed Iowa Department of Environmental Quality reports, testified that the dust levels and general air quality around the plant were not out of line and in fact were about average for a community such as Carroll, Iowa.

In spite of the improvements shown by defendant, the question of whether defendant's plant is still a nuisance is not as black and white as defendant paints it. Plaintiffs introduced persuasive evidence that if the improvements are not kept in full use, some of the old problems will arise. At the times defendant's experts conducted tests, the improvements appear to have been operating efficiently. The trial court too seems to have been troubled by the possibility of defendant's letting down in the operation of the improvements, and inserted a clause that defendant could operate as long as its dust and noise emissions meet standards of the Iowa Department of Environmental Quality.

Upon a de novo review of the evidence, *Schlotfelt v. Vinton Farmers' Supply Co.*, 252 Iowa 1102, 109 N.W.2d 695, we conclude as did the trial court that defendant by its improvements overcame the nuisance. The trial court properly vacated the injunction. We caution defendant, however, that just as an injunction will be vacated on changed conditions, so another injunction will be issued on changed conditions.

We also approve the part of the trial court's decree requiring defendant to comply with the standards of the Department of Environmental Quality. We add the ca-

veat that although defendant complies with the Department's standards, defendant will still be subject to injunction if it permits a nuisance to arise.

AFFIRMED.

All Justices concur except HARRIS, J., who dissents.

HARRIS, Justice (dissenting).

I respectfully dissent. To be reversed by the trial court on remand is mildly surprising. The majority's affirmance of the reversal is astonishing. In the first appeal we carefully considered and clearly rejected defendant's offer to reform its manner of operation as an alternative to issuance of the injunction. We said, 214 N.W.2d at 130:

"Three possibilities exist. On the one hand, we can hold that damages are appropriate and turn plaintiffs out of court in this suit. On the other hand, we can hold that injunction is appropriate; and prohibit operation of the plant. *Between these alternatives, we can grant an injunction relating to the manner of operating the plant* or remand with permission for plaintiffs to amend to ask damages as was done in *Riter v. Keokuk Electro-Metals Co.,* 248 Iowa 710, 82 N.W.2d 151." (Emphasis supplied.)

After due consideration we rejected the first and third of these possibilities and decided on the second. We ordered issuance of a writ prohibiting operation of the plant.

After the filing of our opinion in the first appeal defendant petitioned for rehearing and renewed the offer to reform the manner of operating the plant as an alternative to the issuance of the writ. The petition for rehearing was denied.

Defendant's offer of modification was repeated in an application to stay, pending petition for a writ of certiorari to the United States Supreme Court. The application for stay was denied.

Disappointed in its attempts in this court and with the United States Supreme Court defendant turned again to the trial court. Defendant filed this petition seeking modi-

fication of the injunction. Defendant asserted as grounds for modification the accomplishment of the promises earlier rejected in the first appeal, the petition for rehearing, and the application for stay. It was on these grounds the trial court granted the modification.

I do not agree with the majority's finding defendant ceased operating pursuant to our prior decision. Our opinion was filed January 16, 1974. Following return of the procedendo the district court on April 1, 1974 enjoined defendant's operation. On April 2, 1974 defendant was served with notice thereof. On the same day defendant filed this petition to modify the injunction. Plaintiffs resisted the petition. On April 22, 1974 plaintiffs filed an affidavit of contempt stating defendant had continued operation of the plant in violation of the April 1, 1974 injunction. The petition to modify and the contempt proceeding were later consolidated for hearing. On May 31, 1974 and June 10, 1974 the consolidated hearing was held. On July 9, 1974 the district court dissolved the injunction as outlined in the majority opinion. I do not believe defendant can pretend to have complied with the injunction. Rather I believe the record fully supports plaintiffs' assertion the operation never closed down.

I think the nuisance still exists. Accordingly I believe the rule allowing modification or vacation of an injunction on changed facts has no application. The limited improvements made by defendant are the same improvements we held would be insufficient upon the earlier appeal.

It seems to me plaintiffs are entitled to be especially offended by the insensitivity to existing noise pollution in their neighborhood. It is argued the operation produces noise little or no greater than one would experience in conversational speech at three feet. This seems an outrageous intrusion into plaintiffs' comfortable enjoyment of their lives and property. See § 657.1, The Code. I am also unimpressed with defendant's argument the noise pollution is justified on the ground an adjacent highway

already makes the neighborhood a noisy place.

Under the principles in *Briney v. Katko,* 197 N.W.2d 351 (Iowa 1972) I would reverse the trial court. I believe the trial court was without power to refuse to enforce the judgment after our earlier decision. Changed circumstances may make it appropriate to vacate or modify an injunction. Such is not the case when the only changes were ruled inadequate in the first instance.