Leann STEWART, Plaintiff–Appellant,

v.

Scott V. STEWART, Defendant–Appellee.

No. 02–1691.

Court of Appeals of Iowa.

May 14, 2004.

David Strand of Strand & Riker Law Office, Decorah, for appellant.

Richard Stochl of Elwood, O'Donohoe, O'Connor & Stochl Law Office, New Hampton, for appellee.

ZIMMER, J.

Plaintiff Leanne Stewart appeals following the district court's entry of a "Protective Order by Consent Agreement." She contends the consent order is invalid because she did not agree to its entry. She also contends the court erred when it denied her request to offer evidence in support of her petition for relief from domestic abuse, and in failing to make a finding regarding the issue of domestic abuse. Because we conclude the protective order was not entered in compliance with Iowa Code chapter 236 (2001), we vacate the order and remand this matter to the district court for further proceedings.

Leann filed a chapter 236 petition for relief from domestic abuse. In her petition, she alleged her husband, Scott Stewart, threw a water pitcher at her while she was in bed, kicked her out of bed, dragged her outside in her underwear, slammed her against a brick pillar, and locked her out of the parties' marital home. She alleged her husband broke her glasses and that his

actions caused bruising and fabric burns on her body. After reviewing the petition, a district court judge entered a temporary protective order, and set a hearing to determine if the order should be made permanent. *See* Iowa Code §§ 236.3, .4.

The matter came on for hearing before the Honorable John Bauercamper. The parties appeared personally and were represented by counsel. Before any evidence was taken, the court asked whether the parties would be willing to enter into a consent decree. Scott stated he was willing to enter into a consent agreement, but Leann rejected that option.

After Leann rejected the entry of a protective order by consent agreement the district court stated,

> I do believe that a party can ask for a Consent Decree on the no contact and abuse provision of the Order without consent of the other party and without agreement on collateral issues like child custody, and child support, and other collateral issues of that sort.

The court further stated,

> One of the reasons I believe that a defendant has a right to enter into a Consent Decree if he wants to, is because of the federal sanctions that can be imposed against a defendant upon adjudication of a domestic abuse. And I believe that the defendant has a right to prevent those federal sanctions being imposed against him by entering into a Consent Decree if he wishes, those particularly being the Federal Firearms Provisions....

The court provided both parties with a draft of a consent order. The order restricted Scott's contact with Leann and granted her possession of the parties'

home. The order did not contain a finding that domestic abuse occurred, or that Scott posed a credible threat to Leann.

Leann objected to the order. She asserted that the consent of both parties was required before a consent decree could be entered in a proceeding brought under chapter 236. She also requested the opportunity to offer testimony in support of her petition so the court could make specific findings regarding the issue of domestic abuse.[1] The court denied Leann's request to offer evidence and entered a "Protective Order By Consent Agreement." The order noted Leann's objection, but concluded she "had no legal standing to object to the entry of the consent order, because it granted her all of the relief requested in her petition." Leann appeals.

The district court concluded that a permanent protective order by consent agreement can be entered pursuant to Iowa Code section 236.5 over the objections of the protected party, and without taking evidence, so long as the defendant agrees to its entry. We disagree. Section 236.5 provides, "Upon a finding that the defendant has engaged in domestic abuse: ... 2. The court may grant a protection order or approve a consent agreement...." Under the plain language of the statute, a consent order requires the agreement of the relevant parties. *See* Black's Law Dictionary 67 (7th ed.1999) (defining "agreement" in relevant part as a "mutual understanding between two or more persons); *see also* Iowa Court Rule 4.3 (containing mandatory form for a protective order by consent agreement, which provides that "[t]he *parties* appeared and consented to the entry of this order") (emphasis added). Because Leann did not agree to the entry

---

1. It appears Leann sought findings that would allow her to invoke further protections emanating from federal firearms sanctions. *See*

18 U.S.C. § 922(g)(8) (restricting possession of firearms by one subject to a domestic protection order, if certain criteria are met).

of a consent order, the protective order in this case is not an approval of a "consent agreement" as contemplated by section 236.5.

In the absence of an actual consent agreement, it was not appropriate for the district court to enter a consent order.[2] The court should have granted Leann's request to offer evidence in support of her petition and then made appropriate findings regarding whether or not Scott had engaged in domestic abuse. *See* Iowa

Code §§ 236.2, .5. Because the district court's order does not comply with chapter 236, we vacate the order and remand this matter for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

---

**2.** As previously noted, the district court based its decision to enter a consent decree, at least in part, on its belief Scott had a right to avoid the federal firearm sanctions Leann hoped to invoke. This belief was held in error. The court's decision to enter a protective order, and the form of the order it enters, should be based only upon the facts of the case as applied to the statutory requirements. It should not depend upon the existence of federal firearm sanctions, the protected party's wish to invoke them, or the defendant's wish to avoid them.