# IN THE COURT OF APPEALS OF IOWA

No. 13-1063
Filed June 25, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOHN MICHAEL OLNEY,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Johnson County, Carl D. Baker, Judge.

　　　　John Olney appeals from the a five-year extension of a no-contact order.
**REVERSED AND REMANDED.**

　　　　David Burbidge of Johnston, Stannard, Klesner, Burbidge & Fitzgerald P.L.C., Iowa City, for appellant.

　　　　Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Janet M. Lyness, County Attorney, and Kristin Parks, Assistant County Attorney, for appellee.

　　　　Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. Potterfield, J., takes no part.

**DANILSON, C.J.**

John Michael Olney appeals the district court order denying his motion to vacate, reconsider, or terminate a no-contact order extended pursuant to Iowa Code section 664A.8 (2011). The district court held it was without authority to vacate, reconsider, or terminate the no-contact order and denied the motion without reaching the merits. Because Olney did not receive notice regarding the extension of the no-contact order, we conclude he could seek redress in a motion to dissolve, vacate, or modify, similar to that provided in Iowa Rule of Civil Procedure 1.1509. Accordingly, we reverse the order denying the motion and remand for a determination on the merits of the motion.

## I. BACKGROUND FACTS AND PROCEEDINGS.

In December 2005, Olney was charged with willful injury after striking a man multiple times in the face. Olney pled guilty to assault with intent to inflict intentional injury in April 2006. At sentencing, the court entered a no-contact order pursuant to Iowa Code section 901.5(7A) (2005).[1] It states: "This order shall remain in effect until June 2, 2011, unless it is modified, terminated, or extended by further written order of the court."

Olney completed his sentence, paid restitution, and complied with the terms of his probation. On June 29, 2007, he was discharged from probation.

---

[1] The court's June 2, 2006 no-contact order was entered pursuant to Iowa Code section 901.5(7A) (2005). Due to a legislative amendment that became effective on July 1, 2006, this section is now codified at Iowa Code section 664A.5. *See* 2006 Iowa Acts ch. 1101, § 9; *see also State v. Hall*, 740 N.W.2d 200, 201 (Iowa Ct. App. 2007) (noting the change). The portion of section 901.5(7A) that allows the no-contact order to be extended is now codified at section 664A.8. *See* 2006 Iowa Acts ch. 1101, § 12.

On May 5, 2011, within ninety days of the no-contact order's expiration, the State filed a motion to extend the no-contact order for five years. The attached affidavit from the protected party states: "1. I believe that the defendant continues to pose a threat to my safety. 2. I believe that the no-contact order will help protect me from the defendant." A copy of the motion was sent to the attorney who represented Olney in the underlying criminal matter. An order scheduling the matter for a hearing was mailed to Olney's last known address, which was listed in 2007 as an apartment in Lawrence, Kansas. The order was also emailed to his former attorney.

Olney did not appear at the June 1, 2011 hearing on the extension. The court found contact with Olney would pose a threat to the protected party's safety and extended the no-contact order for five years, expiring June 6, 2016. A copy of the order was provided to the Douglas County Sheriff's Office in Kansas to be served on Olney but was returned with "No Service" checked and the reason listed as "Residence Vacant."

More than fourteen months after the extension hearing was held, on August 15, 2012, the scheduling order that was mailed to Olney in Lawrence, Kansas, was returned to the clerk of court's office. The order was then mailed to the forwarding address listed but was again returned on August 22, 2012, indicating delivery had been attempted but the addressee was not known. The returned letter was marked "unable to forward."

Olney testified he resided in Lawrence, Kansas through May 2008, when he moved back to Iowa City and lived with his father. In July 2012, he moved to Naperville, Illinois. Olney further testified he never received a copy of the motion

to extend, the scheduling order, or the order extending the no-contact order, nor was he contacted by his former attorney. Olney testified he only learned the no-contact order had been extended after being denied employment, at which point he immediately contacted an attorney.

On March 21, 2013, Olney filed a motion to vacate, reconsider, and terminate the no-contact order. He alleged he did not receive notice of the motion or the order. He also alleged no grounds existed to extend the no-contact order and requested it be terminated.

The court held a hearing on Olney's motion on May 28, 2013. Olney testified he has not had any contact with the protected party, had never attempted to contact him, did not know his address, and did not intend or desire to contact him in the future. He further testified he only returns to the Iowa City area every couple of months to visit his father. The parties stipulated that if called, the protected party would testify he remains fearful of Olney.

The court denied Olney's motion on May 31, 2013. It concluded that section 664A.8 does not extend a right to the defendant to be heard before deciding to extend a no-contact order. The court did not reach the question of whether Olney poses a threat to the protected party's safety because it determined "[t]here is no statutory authority for the Court to vacate, reconsider, and terminate the no contact order." It thereby denied the order, and Olney filed a timely notice of appeal.

**II. ANALYSIS.**

A no-contact order entered pursuant to Iowa Code section 664A.3 is a continuing but temporary order that prohibits a defendant from having contact

with or harassing an alleged victim of a public offense during the pendency of criminal proceedings. *See* Iowa Code § 664A.3(3) ("The no-contact order has force and effect until it is modified or terminated by subsequent court action in a contempt proceeding or criminal or juvenile court action . . . ."). "Upon final disposition of the criminal or juvenile court action, the court shall terminate or modify the no-contact order pursuant to section 664A.5." *Id.* Iowa Code section 664A.5 provides:

> If a defendant is convicted of, receives a deferred judgment for, or pleads guilty to a public offense . . . the court shall either terminate or modify the temporary no-contact order issued by the magistrate. The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered or the deferred judgment is granted, regardless of whether the defendant is placed on probation.

Section 664A.8 grants the court the authority to extend a no-contact order entered pursuant to section 664A.5 for an additional five years. It states:

> Upon the filing of an application by the state or by the victim of any public offense . . . within ninety days prior to the expiration of a modified no-contact order, the court shall modify and extend the no-contact order for an additional period of five years, unless the court finds that the defendant no longer poses a threat to the safety of the victim, persons residing with the victim, or members of the victim's family. The number of modifications extending the no-contact order permitted by this section is not limited.

*Id.* § 664A.8.

A no-contact order is analogous to an injunction. *Compare* Iowa R. Civ. P. 1.1502 (stating a temporary injunction may be allowed "[w]hen [a] petition, supported by affidavit, shows the plaintiff is entitled to relief which includes restraining the commission or continuance of some act which would greatly or irreparably injure the plaintiff") *with* Iowa Code § 664A.3 (providing a no-contact

order shall be entered upon a finding the presence of or contact with the defendant poses a threat of safety to the victim). *See also State v. Wiederien*, 709 N.W.2d 538, 545 (Iowa 2006) (Cady, J., dissenting) (discussing the standard applied to "similar injunctions" while discussing no-contact orders); *Taylor v. Peterson*, No. 09-1540, 2010 WL 2598375, at \*2 (Iowa Ct. App. June 30, 2010) (stating an ex parte protective order is "akin to a temporary injunction"). Injunctive relief entered at the time of final disposition of a civil matter is typically permanent. *See PIC USA v. N.C. Farm P'ship*, 672 N.W.2d 718, 723 (Iowa 2003) (noting "permanent injunctions are those granted as part of a final judgment, while temporary injunctions are those granted at any prior stage of the proceedings"); 42 Am. Jur. 2d *Injunctions* § 10, at 568 (2000) (stating "[a] final or permanent injunction is perpetual in effect"). In contrast to a perpetual injunction, the legislature determined a no-contact order entered under chapter 664A should not exceed five years unless extended. Iowa Code §§ 664A.5, .8. Accordingly, orders entered under chapter 664A are akin to temporary injunctions, except no further disposition is intended—although five-year extensions are permitted.[2]

---

[2] We recognize that decisions on requests for temporary injunctions are interlocutory in nature. *See PIC USA*, 672 N.W.2d at 723. They are interlocutory because a temporary injunction merges into a permanent one once there has been a final adjudication. *Id.* at 724; *see also* Iowa R. App. P. 6.103(3) (providing that no interlocutory order may be appealed until after the final judgment is entered except as provided in rule 6.104). However, this is not the case with chapter 664A no-contact orders. Regardless, we may, at our discretion, consider a notice of appeal from a temporary order as an application for interlocutory appeal and consider the underlying merits. *See* Iowa Rs. App. P. 6.104, .108; *Sweeney v. City of Bettendorf*, 762 N.W.2d 873, 876 (Iowa 2009). The decision to grant an interlocutory appeal depends upon whether the interlocutory order impacts substantial rights such that examining it will better serve the interests of justice. *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). An order granting, refusing, or modifying a temporary injunction will usually deprive the unsuccessful party of some right which cannot be protected by an appeal from the final judgment, and we

Temporary injunctions may be extended even though the defendant does not receive actual notice. *See* Iowa R. Civ. P. 1.1507 (allowing a temporary injunction be issued without notice where applicant's attorney certifies in writing either the efforts which have been made to give notice or the reason supporting the claim that notice should not be required); *Opat v. Ludeking*, 666 N.W.2d 597, 607 (Iowa 2003) (noting that "issuance of a temporary injunction without the required notice is an irregularity that may be waived"). Likewise, section 664A.8 does not require personal service of an application to extend a no-contact order. In this fashion, the victim may seek an extension of the no-contact order even though the whereabouts of the defendant are unknown.

However, Iowa Rule of Civil Procedure 1.1509 provides that "[a] party against whom a temporary injunction is issued without notice may, at any time, move the court where the action is pending to dissolve, vacate or modify it."[3] We conclude an extension of a no-contact order under chapter 664A is similarly subject to a motion to dissolve, vacate, or modify.[4]

---

may thereby grant such an appeal. *Wolf v. Lutheran Mut. Life Ins. Co.*, 18 N.W.2d 804, 810 (Iowa 1945). We therefore grant the interlocutory appeal.

[3] In *State v. Krogmann*, 804 N.W.2d 518, 525 (Iowa 2011), our supreme court held a criminal defendant failed to preserve error on his objection to a pretrial order temporarily freezing his assets. In reaching this conclusion, the court cited the defendant's failure to seek dissolution of the order, indicating that not only was this avenue of redress available but was required before appeal. *Id.* at 524. In a footnote, the court noted that "[h]ad this been a temporary injunction in a civil case, the rules make it clear that a motion to dissolve would be an appropriate procedural avenue" and cited rule 1.1509, lending credence to the idea that a similar remedy is available to defendants who are subject to temporary injunctions in criminal matters. *Id.* at 525 n.6.

[4] At a hearing on a motion to dissolve, vacate, or modify, the moving party would be required to prove by a preponderance of the evidence that the defendant no longer poses a threat of safety to the victim or others who are protected by the order. *See Simmermaker v Int'l Harvester Co.*, 298 N.W.2d 911, 913 (Iowa 1941) ("It is well settled that on a motion to dissolve a temporary restraining order," "the burden rests upon the defendant."). However, if a defendant had notice of the initial hearing, a substantial

Accordingly, we reverse the district court order denying Olney's motion on the basis it lacked authority to vacate, reconsider, or terminate the no-contact order, and we remand the case to the district court for consideration and a ruling on the merits.

**REVERSED AND REMANDED.**

---

change of circumstances may be required. *See Bear v Iowa Dist. Ct.*, 540 N.W.2d 439, 441 (Iowa 1995) (holding a court has authority to modify or vacate an injunction "if over time, there has been a substantial change in the facts or law"); *see also Wiederien*, 709 N.W.2d at 545 (Cady, J., dissenting) (stating the court should consider "the evidence presented in the criminal or juvenile proceeding to decide if the no-contact order should be modified or terminated in accordance with those standards applicable to continuing, modifying, or dissolving other injunctions").