# IN THE COURT OF APPEALS OF IOWA

No. 15-0126
Filed October 28, 2015

**BREAH DANIELLE EWING,**
 Plaintiff-Appellee,

**vs.**

**HAYDEN F. FEVOLD,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.

 Hayden Fevold appeals from the district court's finding that he committed

an act of domestic abuse and the issuance of a protection order.  **AFFIRMED.**

 William H. Habhab, Fort Dodge, for appellant.

 Breah D. Ewing, Fort Dodge, appellee pro se.

 Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Civil domestic abuse cases are heard in equity. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). Consequently, our review is de novo. Iowa R. App. P. 6.907. We give weight to the trial court's findings and credibility determinations, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

Under Iowa Code section 236.5(2) (2013), a court may grant a protective order "[u]pon a finding that the defendant has engaged in domestic abuse." The term "domestic abuse" means an "assault as defined in section 708.1" by one person against another person in a specified relationship. Iowa Code § 236.2(2). The alleged assault here was "between persons who have been family or household members residing together within the past year and are not residing together at the time of the assault." *Id.* § 236.2(2)(d).

Breah Ewing sought a protective order, alleging Hayden Fevold had committed unwanted sex acts. Ewing and Fevold were engaged to be married and living together until July 2014. At trial, Ewing testified Fevold had forced her to commit sex acts on three occasions—in October, November, and December 2014. Fevold testified the acts were consensual. Fevold concedes in his brief, the case presents a "classic he said, she said" factual scenario.

After questioning Ewing's motivation for seeking the protective order, the district court eventually accepted Ewing's testimony and found Fevold had committed a forced sex act, including "hands-on shoving," against his former fiancée, which constituted an act of domestic abuse. *See id.* § 708.1(2)(a) (defining an assault as "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive

to another, coupled with the apparent ability to execute the act"). Fevold appeals.[1]

Upon our de novo review, and giving deference to the trial court's implied finding that Ewing's testimony was credible, we conclude Ewing proved by a preponderance of evidence that Fevold committed an act of domestic abuse. *See id.* § 236.4(1) (stating the "plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence"). We therefore affirm.

**AFFIRMED.**

Vaitheswaran, P.J., concurs; McDonald, J., dissents.

---

[1] Ewing has not filed an appellee's brief. The appellant is not entitled to automatic relief, however, as we "handle the matter in a manner most consonant with justice and [our] own convenience." *See Bowen v. Kaplan*, 237 N.W.2d 799, 801 (Iowa 1976); *see also In re Ostrum*, No. 14-1828, 2015 WL 311334, at *2 (Iowa Ct. App. Sept. 10, 2015). We will confine our analysis to Fevold's objections to the trial court's ruling. *See State ex re. Buechler v. Vinsand*, 318 N.W.2d 208, 209 (Iowa 1982).

**MCDONALD, Judge.** (dissenting)

I respectfully dissent. It was Ewing's burden to establish by a preponderance of the evidence an assault occurred as a prerequisite to issuance of a protective order. *See Wilker v. Wilker*, 630 N.W.2d 590, 596 (Iowa 2001) (setting forth burden of proof); *Hopkins v. Marold-Hopkins*, No. 05-0339, 2006 WL 133227, at *2 (Iowa Ct. App. Jan. 19, 2006) (holding "a finding of domestic abuse is a prerequisite to a protective order"). On de novo review, I conclude she failed to prove her case by a preponderance of the evidence. *See Wilker*, 630 N.W.2d at 594 ("Civil domestic abuse cases are also heard in equity and, thus, deserve a de novo review."). Ewing's testimony is not credible in light of the other evidence. *See State v. Goddard*, No. 14-1076, 2015 WL 3914327, at *2 (Iowa Ct. App. Jun. 24, 2015) ("An ounce of intrinsic merit or demerit in the evidence, that is to say, the value of the comparison of evidence with known facts, is worth pounds of demeanour."). Ewing's testimony is internally inconsistent. Ewing's testimony is contradicted by Fevold's testimony that the acts were consensual. Ewing's testimony is inconsistent with the sexually explicit photographs she sent by text or email to Fevold over the course of the two-month period after the first alleged assault. Ewing's testimony is inconsistent with the text messages she exchanged with Fevold's paramour in which Ewing stated she had further plans with Fevold on the day after one of the alleged assaults. In sum, the totality of the evidence shows only that Ewing and Fevold engaged in a consensual sexual relationship for a three-month period following Fevold ending their engagement and that Ewing took action against Fevold only after Ewing learned Fevold was dating another woman.

I dissent for an additional reason. The district court issued the protective order in this case on an improper basis—as a de facto mutual protective order to keep the parties away from each other for their mutual benefit. *See* Iowa Code § 236.20 (providing the district court "shall not issue mutual protective orders against the victim and the abuser unless both file a petition requesting a protective order"). For example, the district court stated,

> I shouldn't let my personal feelings enter into this but they do. It saddens me that we have a situation like this, particularly given your state of maturity . . . You know, if you were 19 or 20 and young and crazy, you know, I might have a little bit different view of it; but the fact of the matter is that you're both old enough to know better. Okay. It's that simple.

The district court continued: "It's that simple, that the two of you need to grow up now and move on with your lives in an adult, responsible, civil manner." The district court explicitly stated it issued the protective order for the purpose of protecting both parties:

> It saddens me but we need to protect the parties here and that's my primary interest, that from the record made it just looks to me like this is headed in the wrong direction and that this relationship can only result in further damage to both of you and that is what we need to avoid; and that's the primary reason that I'm granting the Petition.

When addressing Fevold at the end of the hearing, the district court stated,

> And, again, this is for your protection too. I want everybody here to break it off now. Let's go on with our lives; let's move forward with new relationships; and let's be adult, civil, respectful to one another with dignity. Okay. That's what I want. And I bet, given a couple days from now, you'll agree with me.

While the district court was motivated by good intention, granting the petition and issuing the protective order for the benefit of both parties because of their immaturity is improper. This is particularly true given that granting the

petition poses collateral consequences for Fevold, including a finding of domestic abuse, potential exposure to criminal sanction, the prohibition on the possession of firearms, and the imposition of costs. While it may be in Fevold's best interest to have no further contact with Ewing and vice versa, issuing a de facto mutual protective order contrary to the evidence to accomplish the result was improper. *See Stewart v. Stewart*, 687 N.W.2d 116, 118 n.2 (Iowa Ct. App. 2004) ("The court's decision to enter a protective order, and the form of the order it enters, should be based only upon the facts of the case as applied to the statutory requirements. It should not depend upon . . . the protected party's wish to invoke them, or the defendant's wish to avoid them."); *see also Conklin v. Conklin*, 586 N.W.2d 703, 707 (Iowa 1998) (explaining that "mutual protective orders are prohibited in domestic abuse cases where [the party] . . . has neither requested nor established grounds for such relief" and noting the district court's "circumvention of section 236.20").

I respectfully dissent.